LUND, Respondent, v. INTERNATIONAL HARVESTER CO., Appellant

(293 N. W. 630.)

(File No. 8311. Opinion filed August 30, 1940.)

**Parliman & Parliman,** of Sioux Falls, for Appellant.
**L. E. Waggoner,** of Sioux Falls, for Respondent.

PER CURIAM. Roy Lund filed a claim for compensation under the Workmen's Compensation Laws of this state. SDC, Title 64. A hearing was had before the industrial commissioner. At the close of the hearing the commissioner made and entered findings of fact, the material part of which is finding second, as follows : "That the Plaintiff Roy Lund was employed by and went to work for the International Harvester Company, as an automobile mechanic on the 17th., day of June, 1937, at a wage of 50c per hour for an eight hour day, and 5½ days a week, and on the 19th., day of June, 1937, the Plaintiff was injured by accident arising out of and in the course of his said employment, and which accident consisted in the falling of a motor two and one-half or three feet and grazing Plaintiff's left leg, and which injuries consisted of bruises and abrasions, and from which said injuries the Plaintiff fully recovered and returned to work on the 3rd., day of July, 1937, and that the physical condition of the Plaintiff Roy Lund at all times since said date and at the present time, including the condition of his feet and ankles, was not caused by, accelerated by, nor the result of the accident of June, 19th., 1937, and was not caused by, accelerated by, nor the result of any injury or accident arising out of and in the course of the employment of the Plaintiff by the Defendant."

An appeal was taken to the circuit court of Minnehaha County and, after a hearing the circuit court entered its order directing the industrial commissioner "to find and determine that the present disability of the said Roy Lund is the result of the accident set forth in the plaintiff's peti-

tion." The employer, International Harvester Company, has appealed to this court.

It is apparent that the order of the circuit court is based upon the premise that the evidence introduced before the industrial commissioner will support but a single conclusion and that is, that the present disability of the plaintiff is the result of the accident sustained in the course of his employment. Under the record as made, there is no dispute regarding claimant suffering an injury in the course of his employment. The question involved is whether claimant's present physical condition is the result of the injury. From a careful consideration of this record we are convinced that there is a direct conflict in the evidence upon this question. A number of lay witnesses testified that the claimant had for a number of years evidenced the same physical disability about which he now complains. Other lay witnesses testified to the contrary. There is a sharp conflict in the evidence of doctors who testified in the case. There is testimony by medical men that the injury which plaintiff sustained caused plaintiff's present condition either directly or by accelerating a condition to which plaintiff was then subject. On the other hand, at least one of the medical men directly and definitely stated that the accident had no causal connection with claimant's present condition. At least one of the doctors said that whether the accident either caused or accelerated claimant's disability would be a matter of conjecture or guess.

No useful purpose would be served in detailing the evidence. After a careful consideration of this record, we are convinced that there is such a conflict in the evidence that it was for the industrial commissioner to weigh the evidence and determine the facts. We are satisfied that there is reasonable, credible and substantial evidence to support the finding as made by the industrial commissioner. See cases cited in Annotation SDC 64.0604.

The order appealed from is reversed.

SMITH, P.J., and ROBERTS and RUDOLPH, JJ., concur.

POLLEY and WARREN, JJ., not sitting.